UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JACK A STRUNK, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:18-cv-288-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| LIBERTY INSURANCE CORPORATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

Plaintiff Jack Strunk and Defendant Liberty Insurance Corporation, acting through counsel, have filed a joint stipulation of dismissal with prejudice of all claims asserted against Liberty. [DE 9]. But here, because dismissal of claims against a single party is not appropriate under Federal Rule of Civil Procedure 41, the Court construes the stipulation of dismissal as a motion to drop a single party under Rule 21. Still, it is unclear what impact this dismissal will have on the case since dismissal of Liberty will result in only two unknown defendants remaining in this action. Accordingly, the parties' joint stipulation of dismissal is construed as a motion to drop a party under Rule 21 and is **GRANTED**. All claims against Defendant Liberty are **DISMISSED WITH PREJUDICE** and the Strunk shall file a status report concerning the claims remaining against the unknown defendants.

1

## I. PROCEDURAL HISTORY

On April 25, 2018, this action was removed to this Court from Garrard Circuit Court based on diversity jurisdiction. [DE 1]. Pursuant to the Court's scheduling order, all discovery was to be completed by February 15, 2019. [DE 6]. Dispositive motions are due from the parties no later than March 15, 2019, and this matter is scheduled for trial on May 28, 2019. [*Id.*].

On February 14, 2019, Strunk and Liberty filed an agreed order or joint stipulation of dismissal, informing the Court that all claims that Strunk asserted against Liberty were dismissed with prejudice. [DE 9]. The joint stipulation makes no mention of the claims asserted against the unknown defendants in the action. Currently, the matter is ripe for review.

## II. Applicable Law and Analysis

### A. Dismissal of a Liberty Under Rule 21

Here, while no explicit rule is cited by the parties, it appears that the parties move for voluntary dismissal without court order under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). But, as this Court has previously explained, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey*

*Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

But this does not end the analysis, because the Court construes filings "by their substantive content and not by their labels," and, as such, this Court will consider the stipulation of dismissal as a motion to drop a party under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

Rule 21 may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel*

*v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes the joint stipulation of dismissal [DE 9] as a motion to drop a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Normally, under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13–14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2. Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Even so, Liberty has agreed to the dismissal of all claims with prejudice, eliminating concern that Liberty may suffer plain legal prejudice as a result of the dismissal. Additionally, dismissal of this action with prejudice will prevent the Plaintiff

4

from bringing these claims against Liberty in the future, providing finality for Liberty. As such, dismissal of Liberty pursuant to Rule 21 is appropriate.

**B.   Effect of Dismissal**

If Liberty is dismissed as a Defendant in this action, only two "Unknown Defendants" will remain in the lawsuit. It is unclear if Strunk intends to proceed with this lawsuit against the two Unknown Defendants.

On one hand, if Strunk does not intend to continue the lawsuit against the Unknown Defendants, it appears that Strunk may dismiss the remaining claims without a court order pursuant to Rule 41(a)(1)(A)(i) by providing notice of dismissal, seeing as the unknown defendants have not answered or appeared in the action.

On the other hand, if Strunk intends to continue the lawsuit, he must identify the Unknown Defendants. Generally, courts will not entertain lawsuits unless the plaintiff makes each defendant a party by service of process. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

Courts have made an exception to this rule for cases involving unknown or "John Doe" defendants when discovery will make known the unavailable identity of the defendant. *Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010); *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished table decision). Still, "[p]laintiff may bring an action against unknown John Doe defendants, but plaintiff must substitute named defendants for those unknown defendants after the completion of discovery." *Simmons v. District of Columbia*, 750 F. Supp. 2d 43, 45 (D.D.C. 2011).

Here, the period for discovery has closed, and the Plaintiff had not identified the unnamed defendants. Even so, it is unclear whether the Plaintiff wishes to continue this action against those unnamed defendants and, if so, whether the Plaintiff has discovered sufficient information through discovery to identify those unnamed defendants. Regardless, if this action is to continue against only unidentified defendants, the Plaintiff must substitute named defendants for the Unknown Defendants. *See Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (noting that unknown defendants must eventually be dismissed but allowing the opportunity for discovery which could disclose the identity of the unknown plaintiffs). As a result, the Court will require a status report to clarify the status of the Plaintiff's claims against the unnamed defendants after dismissal of Liberty.

Accordingly, **IT IS ORDERED** as follows:

(1) The Court construes the parties' joint stipulation of dismissal [DE 9] as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21;

(2) The motion to dismiss all claims against Defendant Liberty Insurance Corporation, [DE 9] is **GRANTED**;

(3) All claims against Defendant Liberty Insurance Corporation are **DISMISSED WITH PREJUDICE**; and

(4) Plaintiff Jack Strunk **SHALL FILE** a status report on or before March 8, 2019, concerning the claims against the remaining unidentified Defendants in this action and the need, if any, for further proceedings.

This the 20th day of February, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge