UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JACK A. STRUNK, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:18-cv-288-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| LIBERTY INSURANCE CORPORATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

On May 2, 2019, the Court entered an order requiring Plaintiff Jack Strunk to show cause no later than May 16, 2019, why this action should not be dismissed for failure to prosecute. [DE 13]. At present, Strunk has failed to respond to the Court's show cause order and the time for a response has passed.

Here, dismissal of this action is justified for three reasons. First, Strunk's failure to comply with the Court's show cause order demonstrates a disregard for the Court's orders and instructions and indicates that Strunk is no longer interested in diligently prosecuting this action. Second, Strunk has failed to properly name previously unknown or John Doe defendants even though the previously unknown defendants have apparently been identified and the Court has warned Strunk on multiple occasions that named defendants must be substituted for unidentified or John Doe

defendants after discovery. As a result, this action is **DISMISSED WITH PREJUDICE**.

## I. Procedural History

Plaintiff Jack Strunk initially brought this lawsuit against Liberty Insurance Corporation and two "Unknown Defendants." [DE 1]. On February 20, 2019, the Court dismissed all claims against Liberty with prejudice. [DE 10]. That left only two unidentified defendants in this action. After dismissal of Liberty, the Court explained that Strunk had to identify and substitute named Defendants in place of the unknown or John Doe defendants if this action was to continue. [DE 10 at 5-6, Pg ID 59-60].

Subsequently, on March 8, 2019, Strunk filed a status report indicating that the identities of the two Unknown Defendants had been determined as Karen Roark and Jeff Rich. [DE 11]. Additionally, Strunk indicated that he intended to pursue claims against these now identified defendants. [*Id.*]. In response, the Court continued all remaining deadlines in the scheduling order between Strunk and Liberty. [DE 12].

Time passed. Strunk never moved to amend his complaint to substitute named parties for the two previously unknown defendants. As such, on May 2, 2019, the Court entered an order again explaining that Strunk had to substitute named defendants for the previously unknown defendants and requiring Strunk to show cause no later than May 16, 2019, why the action should not be

2

dismissed for failure to prosecute. [DE 13]. Strunk has not replied to the Court's show cause order and the time to respond has passed. Thus, this action is ripe for review.

## II. Analysis

Strunk's failure to substitute named defendants for the previously unknown defendants and failure to respond to the Court's show cause order indicates that Strunk has failed to diligently prosecute this matter and suggests that Strunk is not interested in diligently litigating this action going forward.

Federal Rule of Civil procedure 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citing Fed. R. Civ. P. 41(b)). The Sixth Circuit has held that district courts must be given substantial discretion in docket management and avoidance of unnecessary burdens on tax-supported courts and opposing parties. *Id.* at 363 (citing *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

Four factors are to be considered when determining whether an action should be dismissed for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). The relevant factors are considered below.

### A. Strunk's failure to comply with the Court's orders and instructions is due to fault.

While the Court hesitates to impute willfulness or bad faith on the part of the Plaintiff for failure to respond, there is a clear indication that the failure to prosecute in this matter is due to the fault of the Plaintiff.

First, on multiple occasions, the Court noted that if Strunk wished to continue this action against the unknown defendants that he must substitute named defendants for the previously unknown defendants since discovery had concluded. [DE 10 at 5-7, Pg ID 59-61; DE 12; DE 13].

Second, Strunk has disregarded the Court's order to show cause. On May 2, 2019, the Court entered an order requiring Strunk to show cause by May 16, 2019. [DE 13]. It appears that Strunk's attorney received notice of the Court's show cause order through the Court's CM/ECF electronic filing system. Moreover, the show cause order stated that "[f]ailure to adequately respond to this order may result in dismissal of this action without further notice from the Court." [*Id.* at 3, Pg ID 68]. Finally, no apparent good cause exists for Strunk's failure to respond to the Court's show cause order.

In sum, Strunk's failure to substitute named parties for the unknown defendants and Strunk's failure to comply with the Court's show cause order is due to the fault of Strunk and Strunk's attorney. As a result, the first factor weighs in favor of dismissal.

### B. There is no clear indication of prejudice to the defendants.

There is no apparent indication that Strunk's failure to prosecute directly prejudices the unknown defendants. Failure to prosecute may prejudice defendants, even if they have not appeared in the action, because civil litigation can be time consuming and stressful, even when an action is just pending. Strunk's previous status report indicated that he intended to serve the now identified defendants, but it is unclear it he has done so at this juncture. [DE 11 at 1, Pg ID 62]. Here, since it is unclear if the remaining defendants have been served or are aware of this action, there is no clear indication that Strunk's failure to prosecute has prejudiced the defendants. As such, the second factor weighs against dismissal.

### C. Strunk was warned that failure to comply with the Court's orders may result in dismissal.

Strunk was warned that failure to name the previously unknown defendants and that failure to respond to the Court's show cause order might result in dismissal without further notice.

First, on two occasions the Court noted that if Strunk wanted to continue this litigation against the previously unknown defendants that he must properly name them since they have been identified. [DE 10; DE 12]. The "[p]laintiff may bring an action against unknown John Doe defendants, but plaintiff must substitute named defendants for those unknown defendants after the completion of discovery." *Simmons v. District of Columbia*, 750 F. Supp. 2d 43, 45 (D.D.C. 2011). In this case, discovery ended in February. At present, Strunk has not attempted to substitute named defendants for the previously unknown defendants.

Second, the Court warned Strunk that failure to respond to the show cause order may result in dismissal of the action without further notice from the Court. [DE 13 at 3, Pg ID 68]. Still, even considering that warning, Strunk failed to respond to the order to show cause.

In sum, the third factor weights in favor of dismissal because Strunk was warned on multiple occasions that failure to substitute named defendants for previously unknown defendants and failure to respond to the Court's order to show cause would likely result in dismissal.

**D. The Court attempted to employ less drastic measures.**

Finally, the Court gave Strunk ample time to substitute named parties for the previously unknown defendants and attempted to employ less drastic measures. First, the Court asked for a status

6

report to determine if Strunk intended to continue this litigation after Liberty was dismissed. [DE 10]. Second, the Court's show cause order put Strunk on notice that his cooperation was required in this matter and was an attempt to employ less drastic sanctions. [DE 13]. As a result, the fourth factor weighs in favor of dismissal.

### III. Conclusion

Ultimately, while the Court is aware that dismissal under Rule 41(b) is a harsh sanction, three of the four requisite factors weigh in favor of dismissal of this action. Since February 14, 2019, this action has involved the Plaintiff against two unknown defendants. [DE 10]. Plaintiff's subsequent failure to substitute named defendants for these unknown defendants and failure to comply with the Court's order to show cause justifies dismissal in this matter. This Court cannot prosecute this action on Strunk's behalf and is not obliged to allow this case to sit on the Court's docket indefinitely without named defendants.

Accordingly, **IT IS ORDERED** as follows:

(1) All remaining claims against the unknown defendants in this action are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) due to Plaintiff Jack Strunk's failure to prosecute; and

(2) The Clerk of the Court shall **STRIKE THIS MATTER FROM THE COURT'S ACTIVE DOCKET.**

This the 20th day of May, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge